STATE BAR OF ARIZONA

Assistant's Direct Line: (602) 340-7250

**Sent via email only: david@gingraslaw.com**

August 7, 2024

**PERSONAL AND CONFIDENTIAL**

David S. Gingras, Esq.
Gingras Law Office, PLLC
4802 East Ray Road, Suite 23-271
Phoenix, Arizona 85044-6417

**Re: File No:** 24-1692
**Complainant:** Holli Wammack

Dear Mr. Gingras:

The State Bar has received information concerning your professional conduct that warrants a screening investigation pursuant to Rule 55(b), Ariz. R. Sup. Ct. At this point, the matter is not considered a formal complaint, but rather a "bar charge" that is being investigated through a "screening investigation." Your participation in the screening investigation is extremely important, as Bar Counsel will make a recommendation at the end of the investigation as to the disposition of this matter. Pursuant to ER 8.1(b) and Rule 54(d), Ariz. R. Sup. Ct., you have a duty to cooperate with this investigation. Failure to fully and honestly respond to, or cooperate with, the investigation is, in itself, grounds for discipline.

A copy of the information received by the State Bar has been included with this letter. Please assure that a written response to the enclosed information is in the State Bar's office, directed to my attention, by:

**5:00 pm, August 27, 2024**.

In addition to your written response, an investigator from our office or I may contact you to discuss this matter. Do not send your written response or a copy of your response directly to the Complainant. If you cannot file a timely response, you should contact my office immediately. Please also include the above-referenced file number on all correspondence concerning this matter. You must submit **an original and one copy** of your written response. If you do not submit a copy with your response, you will be charged $.25 per page for copying your response.

The ethical rules you should address in your response include <u>but are not limited to</u>: ER 1.6(a), ER 3.1, ER 3.3(a), 3.4(c), ER 4.4(a), ER 8.2(a), ER 8.4(b), (c) and (d), and Rules 41(b)(7) and 54(c), Ariz. R. Sup. Ct.

A copy of your response will be sent to the complainant and may become public record upon disposition of the matter. You may make a request that certain information in your response

remain confidential pursuant to Rule 70(g) Ariz. R. Sup. Ct. **Any such request must be made in a letter separate from your response** and must set forth the reason for the request. We will forward your request to the Presiding Disciplinary Judge who will rule on it. You must specify whether you want to keep the information from the public, but not the complainant, or from both the public and the complainant. At the time you make such a request, you must submit the information for which confidentiality is requested as part of your request. You should also submit a redacted copy to remain in the public portion of the file, as the rules require some type of response to remain in the public portion of the file. Requests for confidentiality are only granted sparingly and only upon good cause shown. If your request for confidentiality is denied, the information or documents in question will not be returned to you but will become public upon disposition of the matter.

The State Bar has a diversion program which, in some cases, may provide an alternative to traditional discipline. Diversion is a confidential rehabilitative program available to lawyers whose ethical misconduct is of a non-serious nature and who may benefit from one or more of the State Bar's remedial programs, such as the Member Assistance Program (MAP) or the Law Office Management Assistance Program (LOMAP). Diversion is not available in cases of serious misconduct or for conduct involving dishonesty, self-dealing, or breach of a fiduciary duty. Participation in diversion is voluntary. If you would like more information about the State Bar's diversion program, you may review the Diversion Guidelines on-line at:

**http://www.azcourts.gov/Portals/22/admorder/Orders10/2010-127.pdf**

If, after reviewing the guidelines, you believe your case may qualify for diversion, please submit a written request with a statement of why you believe diversion is appropriate along with your response.

Thank you for your anticipated cooperation.

Sincerely,

*/s/ James D. Lee*

James D. Lee
Senior Bar Counsel

JDL/jlb

Enclosures